[Kelly v. Griffin, et al.]


# Kelly *v.* Griffin, *et al.*

## *Ejectment.*

(Decided Feb. 10, 1910.   51 South.  789.)

*Judgment; Dismissal; Res Adjudicata.*—Where plaintiff sued to cancel certain mortgages executed by him on the ground that they had been satisfied and this was denied by the answer, and the bill was dismissed for want of prosecution, under rule 28, Ch. Pr., the dismissal operated to bar a subsequent action by the same plaintiff in ejectment to recover possession of the same lands from defendants, who took title from the regular foreclosure of the mortgage questioned in the suit for cancellation; the grounds of action being the same in both suits.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Ejectment by E. T. Kelly against Henry Griffin and another.   Judgment for defendants and plaintiff appeals.   Affirmed.

R. H. WALKER, for appellant.—The proof showed that appellant paid the purchase money and was put in possession, and that appellee claimed under appellant, and hence, the court erred in giving the affirmative charge. —Sec. 4899, Code 1907.

H. L. MARTIN, for appellee.—No brief reached the Reporter.

McCLELLAN, J.—Ejectment by appellant against appellees.   On September 4, 1901, appellant filed his bill against H. L. Martin and others seeking the cancellation of certain mortgages executed by him, on the ground that they had been paid and satisfied, or, in the alternative, praying an accounting and redemption, if mistaken in the averment that the mortgages had been

entirely satisfied. The respondents answered the bill, and Martin's extended answer is, with appellant's original bill, set out in this bill of exceptions, having been admitted in evidence over appellant's objection. The same lands were the subject, in part, of the litigation invited by the bill in equity. The answer of Martin controverted the salient features of the appellant's bill, explicitely denying that the mortgages were paid and satisfied. From the records of the chancery court in that cause, introduced over appellant's objection, it appears conclusively that the bill in equity was dismissed for want of prosecution. Being at issue as indicated, under rule 28 of chancery practice (Civ. Code, p. 1537), the decree of dismissal, it not being otherwise ordered, operated an adjudication of the merits, and a bar to another suit for the same subject-matter.

The appellant's effort in this action, to summarize, is to assert the first alternative sought in his bill in equity, viz., that the mortgages had been paid and satisfied, and, in consequence, that the title conveyed by the mortgages had become, under the statute (Code 1896, § 1067; Code 1907, § 4899), divested. The parties defendant in this action of ejectment succeeded to their titles in virtue of a regular foreclosure of the mortgages questioned in the bill in equity, and which, under the decree of dismissal and the effect the rule (28) gave that action, absolutely concluded against any right of appellant to reinvestigate the matter of the satisfaction, before foreclosure, of these mortgages. He cannot recover against the titles of these respondents, whose rights in the premises flow, in succession, from the mortgages which, on the dismissal of appellant's bill as stated, were adjudged to be valid, binding, and efficacious to secure the sums by them recited.

[Montgomery & Eufaula Ry Co. v. Rutland.]

The affirmative charge for defendants was well given. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.