# Boon, *et al. v.* Riley.

## *Ejectment.*

### (Decided April 13, 1911.  54 South. 997.)

1. *Judgments; Dismissal of Bill; Res Judicata.*—Under rule 28, Ch. Pr. the dismissal of a bill after the cause is set down to be heard by complainant in a suit to foreclose a mortgage, the answer to which bill raised the issue of the validity of the mortgage, is available as res judicata in an action of ejectment by one claiming under the mortgage; and this is true notwithstanding it was the first action in ejectment, and notwithstanding in a second action in ejectment the first judgment in ejectment against a party cannot be offered against him as a bar, and the dismissal of the bill will have to be again put in evidence.

2. *Same; "Setting Down to be Heard."*—Under rule 28, Ch. Pr., a bill is set down to be heard at the next term when the cause is at issue, and comes on to be heard, and is continued to the next term of the court.

3. *Same; Pleading.*—The only proper plea in ejectment, except the special plea of puis darrein continuance, is not guilty; this rule is not changed by the provisions of rule 28, Ch. Pr.. but the benefit of the estoppel from such a dismissal may and must be availed of by its introduction in evidence under the plea of not guilty.

4. *Appeal and Error; Harmless Error; Pleading.*—It was harmless error to sustain a demurrer to a special plea not permissible in ejectment, the matter therein set up being admissible under the general issue, although the demurrers did not present this objection, and notwithstanding the fact that the proper remedy was by motion to strike.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Sidney E. Riley against Frank Boon and others. Judgment for plaintiff and defendant appeals. Reversed and remanded.

H. H. MCCLELLAND, for appellant. The case was set down for hearing within the meaning of rule 28, Ch. Pr., and it was dismissed within the rule and such dismissal may be pleaded in bar.—*Howard v. Bugby,* 25 Ala. 548; *Lanier v. Hill,* 30 Ala. 111. Under sec. 3128, Code 1907, the cause having once been at issue continued at issue until dismissed by the complainant, notwithstanding the demurrers. Under rule 28 Ch. Pr., and sec. 3858, Code 1907, the dismissal could be interposed as a bar.—*Wood v. Wood,* 33 South. 347. The Chancery proceedings were admissible on the plea of the general issue.—*Warrior R. Co. v. Ala. S. L. Co.,* 154 Ala. 135; *Strange v. Moog,* 72 Ala. 460.

MILLER & MILLER, for appellee. No brief came to the Reporter.

SOMERVILLE, J.—The plaintiff in ejectment rested his title and right to recover the possession of the land from the defendants upon a mortgage deed executed by defendants to plaintiff's wife, which after default she foreclosed by sale under power, executing a deed in due course and form to plaintiff as purchaser at that sale. The land in suit was the separate estate of the defendant Bettie Boon, who is the wife of her codefendant

Frank Boon; and, unless her title was divested by the said joint mortgage executed by them to plaintiff's wife, she remained the owner of the land by title paramount to plaintiff's claim. The defendants in ejectment offered to prove by the records of the Monroe chancery court that, prior to the foreclosure sale under which plaintiff claims, his privy in estate, the said mortgagee, had filed her bill in chancery, with appropriate averments, praying for a foreclosure by that court of this very mortgage; that these defendants were made defendants to that foreclosure suit, and that they filed their answer to the bill, in which they contested the validity of the mortgage on the asserted ground that the property therein conveyed was the separate property of Fanny Boon, the wife, and the debt which the conveyance secured was wholly the debt of Frank Boon, her husband, wherefore the mortgage was void as to her land, which it purported to convey; that after this answer was filed the cause was several times successively set down for hearing under the orders of the court; and that at the third regular term after it was first at issue the said complainant appeared and by her own motion caused it to be dismissed. The trial court sustained plaintiff's objection to the introduction of these documents on the ground of their immateriality, irrelevancy, and incompetency, and because the law permits two suits in ejectment. This ruling, duly excepted to, is assigned as error.

The twenty-eighth rule of chancery practice provides that "if the complainant, after the cause is set down to be heard, cause the bill to be dismissed on his application, such dismissal, unless the court otherwise orders, is equivalent to a dismissal on the merits, and may be pleaded in bar to another suit for the same matter."

The effect of this rule has been several times declared by this court: *Strang v. Moog,* 72 Ala. 460; *Burgess v. Am. Mort. Co.,* 119 Ala. 669, 24 South. 727; *Warrior River C. & L. Co. v. Ala. St. Land Co.,* 154 Ala. 135, 45 South. 53; *Kelly v. Griffin,* 165 Ala. 309, 51 South. 789. In the chancery cause here propounded as a res judicata to establish the invalidity of the mortgage, and so destroy the plaintiff's title, "the merits" of the cause, as presented and sharply defined by bill and answer, were nothing but this very question of the validity or nullity of this mortgage. Hence the dismissal of the cause, un der the conditions specified by the rule, is as much an adjudication of the invalidity of the mortgage as if there had been an actual submission on testimony and a formal decree thereon in favor of the defendants. And, as a res judicata, the fact of dismissal is as potent in courts of law as in courts of equity, and as available in ejectment as in any other form of action.-- *Strang v. Moog,* 72 Ala. 460; *Kelly v. Griffin,* 165 Ala. 309, 51 South. 789.

The only question in the case in hand is whether the records offered show that the cause had been "set down to be heard." It is obvious that no formal order is necessary for that purpose. If a cause is at issue, and it is when answer is filed, it stands upon the docket to be called and heard as a matter of course at the next term of the court; and if it then "comes on to be heard," and is continued to the next term, as the minute entries show in this case, this is necessarily a "setting down to be heard" at the next term. This seems to be plainly implied in *Kelly v. Griffin* and the other cases above referred to. The chancery proceedings, as exhibited by the bill of exceptions, were relevant and admissible to conclusively establish the invalidity of the mortgage, and, binding the plaintiff as fully as it did his grantor,

[Boon, et al. v. Riley.]

the mortgagee and complainant in the chancery suit, would have entitled the defendants to the general affirmative charge, assuming, of course, that the plaintiff presented no other muniments of title. Nor does this contravene the statute which permits a plaintiff to twice sue in ejectment. This is but the first suit in ejectment; and, if unsuccessful now, he may again bring the same action, and the defendants could not then offer the first judgment in ejectment against him as a bar. They would be compelled to again put in evidence the res judicata of the chancery suit. That suit settles, not his right to bring ejectment, but the invalidity of the mortgage under which he claims; and it is quite as effectual for that purpose as if the defendants as actors had filed a bill to cancel the mortgage, or to quiet their title, and won an affirmative decree thereon.

In ejectment the only proper plea is "not guilty," except the special plea of puis darrein continuance, as has been many times declared. In authorizing the defendant to plead the dismissal in bar of another suit, the rule of practice does not change the rule of pleading in ejectment suits, and the benefit of the estoppel must be availed of, and none the less effectually, by its introduction in evidence.

The trial court, therefore, did not err prejudicially to the defendants in sustaining the demurrers to the special pleas, although the grounds of demurrer assigned do not present this objection, and motion to strike, and not demurrer, was the proper remedy.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.