(106 So. 185)

### EAST et al. v. SAKS et al. (7 Div. 575.)

(Supreme Court of Alabama. Oct. 29, 1925. Rehearing Denied Nov. 19, 1925.)

1. **Injunction** ⚖️46—**Bill showing existence of danger from continuous blasting on adjoining property held to warrant injunctive relief.**

Bill showing existence of danger from repeated blasting on adjoining property, and actual putting of persons in reasonable fear while actually on the land, *held* to make out a case of property rights, warranting relief by injunction, though it did not show that any person had actually been struck by flying rock while on the land, and, in view that expenses of repeated actions at law for such injuries would probably exceed amount severally recovered, remedy at law was inadequate.

2. **Equity** ⚖️389—**Finding of trial court in equity accorded effect of verdict by jury.**

Finding of trial court in equity must be accorded effect of a verdict by jury.

3. **Injunction** ⚖️107—**Landlord may maintain bill for injunctive relief for protection of undisturbed possession of tenant.**

While trespass is an injury to possession, a landlord may maintain a bill for injunctive relief for protection of possession undisturbed for benefit of his tenant.

4. **Injunction** ⚖️48—**Equity may interfere by injunction to prevent casting of rocks in blasting from ripening into easement.**

Where continuous casting of rocks on land of another by blasting operations may ripen into an easement, equity may interfere by injunction.

5. **Judgment** ⚖️570(5)—**Dismissal of injunction suit not dismissal on merits.**

Dismissal of injunction suit *held* not a dismissal on the merits, under Chancery Practice, rule 28 (Code 1923, vol. 4, p. 916), where it did not appear that suit was ever set down for hearing prior to its dismissal by agreement of counsel on both sides.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill in equity by Amelia Saks and another against C. A. East and another. From a decree for complainants, defendants appeal. Affirmed.

The case is stated by counsel for appellant as follows:

"This is an appeal by the defendants from a decree of the circuit court of Etowah county, making perpetual a temporary injunction enjoining and restraining appellants from blasting stone at their quarry in such manner as to cast rock or other débris upon the adjoining lands of appellees.

"The bill is filed by Amelia Saks, claiming to be the owner of the adjoining land, and John L. Heath, as her tenant in possession. It avers the ownership in Mrs. Saks of the land in question and a lease of the same for the year 1924 to John L. Heath. It avers that C. A. East, under the trade-name of East Quarry Company, operates a rock quarry upon the adjacent land, and by the use of explosives causes large quantities of rock and other débris to fall upon complainants' land, making it dangerous and unsafe for the complainant Amelia Saks or her tenant to be or remain upon said land; that the blasts are made daily, and sometimes several times daily, and when a blast is made any one who happens to be upon the land is in danger; that a large part of her land is being cultivated or being used for farm purposes by her tenant; that the trespass is recurrent, and is causing permanent and irreparable injury to said land, and that such frequent recurrence has permanently impaired the use and enjoyment of said land; that the blasts are a menace to those who are on the lands; that the rocks and other débris cover a large part of her lands; and that in certain enumerated instances rocks have been hurled upon the land, and fell near the complainant Heath, and, at another time, near his children and other persons enumerated, who were working on the land.

"Defendants filed an answer, admitting that complainant Heath was in possession of a part of the land, but demanding proof of the ownership of the land by the complainant Saks. It avers that in 1917 one Quinn claimed to be the owner, and, while making such claim, filed a bill of injunction against the appellants' grantor, who was then in possession of the quarry and conducting quarrying operations thereon; that prior to 1917 the complainant Saks had purchased the land for $2,500, the reasonable value thereof, and that shortly after her purchase she or her agent had conspired with Quinn to use the land for the embarrassment of the appellants' predecessor in title in the operation of said quarry, and, in furtherance of the conspiracy or plan, complainant Saks had entered into a pretended agreement with Quinn by which she purported to sell her said land to Quinn for $30,000, when as a matter of fact the lands were not worth exceeding $3,000, and following his pretended purchase Quinn had instituted injunction proceedings against the Woodstock Operating Corporation, which was then operating said quarry, and, having secured a temporary injunction, which the trial court declined to dissolve, an appeal was taken to the Supreme Court of Alabama, where the temporary injunction was dissolved; and that thereafter the bill was dismissed. A copy of the Quinn bill is exhibited to the answer filed by appellants.

"The appellants further averred that on the 3d day of May, 1922, the same complainants as in this case filed a bill seeking an injunction against appellants and the Woodstock Operating Corporation, and, after securing a temporary injunction, voluntarily dismissed their said bill in May or June, 1924, and that all of said bills, including the bill in the pending suit, were, in the belief of appellants, filed for the purpose of embarrassing appellants and to force them to purchase the complainants' lands at an exorbitant price.

"Appellant admitted that he operated a limestone quarry on the land adjoining the complainants' lands, his quarry being equipped with tracks, cars, crushing machinery, and other necessary machinery for the operation of a stone quarry on a large scale, and that he was engaged in furnishing fluxing stone to a large number of iron manufacturers, and that he had an investment in his quarry and equipment of $40,000 or more. He denied that rock or other débris was thrown upon complainants' lands so as to make it dangerous or unsafe to be on the same. He admitted that shots were made daily, and sometimes several times daily, but denied that the shots were of sufficient force to cast stone upon complainants' land, and sets out in detail how the blasts are made.

"The answer denies that any injury is being done to complainants' land, and that any menace or danger exists, and avers that no person has ever sustained any injury on complainants' land by reason of the blasting.

"Appellants also demurred to complainants' bill, assigning as grounds a want of equity; that complainants had a complete remedy at law; that no irreparable injury was shown; that no injury or damage to the complainants' residence or place of business was alleged, but merely a prospective or threatened injury to farm or pasture land, for which compensation could be made in damages; and that there was no averment of insolvency. The appellants filed a motion to dissolve the injunction for want of equity in the bill and on the denials of the answer."

The case was submitted for decree on the motion to dissolve the temporary injunction, on the demurrer to the bill, and on the testimony and exhibits taken viva voce before the court. The motion and demurrer were overruled, and the court found on the evidence as follows:

"Upon due consideration of the evidence in this cause, the court is reasonably satisfied that the defendant operates a rock quarry upon lands adjoining the lands of the complainant Mrs. Amelia Saks, upon which she has a tenant, as alleged in the bill, and that said rock quarry can be operated in such a manner as not to throw, or cause to be thrown, upon the lands of complainant * * * rock or other débris in such quantities or sizes as to endanger the persons operating complainant's lands or the stock grazing thereon, or to interfere with the complainant's use of said lands, and that the complainants are entitled to relief."

The decree perpetually enjoined defendant from blasting rock in such manner and with such results. Defendant appeals, and assigns for error the decree on motion, demurrer, and merits.

Knox, Acker, Sterne & Liles, of Anniston, and Hood & Murphree, of Gadsden, for appellants.

When a bill charges a simple trespass, containing no elements of damage which cannot be redressed by an action at law, it is without equity and will not support an injunction. Deegan v. Neville, 127 Ala. 471, 29 So. 173, 85 Am. St. Rep. 137; Hitt Lbr. Co. v. Cullman Co., 189 Ala. 13, 66 So. 720; Wadsworth v. Goree, 96 Ala. 227, 10 So. 848; Hobbs v. Long Dist. Tel. Co., 147 Ala. 393, 41 So. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 461; Bowling v. Crook, 104 Ala. 130, 16 So. 131; High v. Whitfield, 130 Ala. 444, 30 So. 449; Thomas v. James, 32 Ala. 723; Woodstock Co. v. Quinn, 201 Ala. 681, 79 So. 253. Injunctive relief should not be granted on the facts of this case under the rule of balance of convenience, even if the bill contains equity and the proof shows some injury to complainant. 14 R. C. L. 449; McBryde v. Sayre, 86 Ala. 458, 5 So. 791, 3 L. R. A. 861; Clifton Ir. Co. v. Dye, 87 Ala. 468, 6 So. 192; C. & W. Ry. Co. v. Whiterow, 82 Ala. 190, 3 So. 23; Woodstock Co. v. Quinn, supra; Folmar v. Luverne, 203 Ala. 363, 83 So. 107. The dismissal of the former bill by the same complainants against the appellant was equivalent to a dismissal on the merits, and became res judicata. Chancery rule 28; Strang v. Moog, 72 Ala. 460; Warrior Co. v. Ala. St. Land Co., 154 Ala. 135, 45 So. 53.

Hugh Walker, of Anniston, and Culli, Hunt & Culli, of Gadsden, for appellees.

The trespass being continuous, the remedy at law is inadequate, and injunction will be granted to restrain the same. The fact that no one has yet been killed or injured by any of the rocks thrown does not deprive the bill of equity. Central I. & C. Co. v. Vandenheuk, 147 Ala. 546, 41 So. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346. Defendant will sustain no hurt or hindrance from the decree in the operation of his business. Central I. & C. Co. v. Vandenheuk, supra. It is only when a cause is set down to be heard that a dismissal is held to be the equivalent of a dismissal on the merits. Chancery rule 28.

SOMERVILLE, J. [1] Conceding that the bill of complaint does not present a case for injunctive relief on account of irreparable injury to complainants' land, we think it does show such a disturbance of the use of the land as, upon settled principles of equity jurisprudence, will warrant such relief. Woodstock, etc., Corporation v. Quinn, 201 Ala. 681, 79 So. 253; Rice v. Davidson, 206 Ala. 226, 89 So. 600; Deegan v. Neville, 127 Ala. 471, 29 So. 173, 85 Am. St. Rep. 137; 32 Corp. Jur. 139, § 185.

The case of Central I. & C. Co. v. Vandenheuk, 147 Ala. 546, 41 So. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346, wherein injunctive relief against the blasting of fragments of rock upon the complainants' premises was sustained, differed from the instant case only in the circumstance that the premises upon which the rocks were thrown were occupied by the complainant and his family as a dwelling place, whereas here the premises were used only for agriculture and pasturage. But this difference, under the showings of the bill, is, one of degree merely, and not one of kind. If a property owner is entitled to injunctive relief against the menace of flying rocks about his home, we can see no sound reason for denying it when the menace is to the safety of those who have occasion to be upon other lands in the course of their ordinary and legitimate use.

Counsel for respondent insist that the Quinn Case, supra, was decided by this court adversely to the equity of the bill, upon allegations substantially the same as those of the instant bill, and hence that the holding in that case is a precedent of controlling influence here.

It is true that the Quinn Case was a suit for injunction by the present complainants' predecessor in estate against the present respondents' predecessor in the operation of this quarry to prevent the casting of rock fragments in blasting upon the same lands, or some of the same lands, here involved. But a comparative analysis of the two bills of complaint exhibits quite a difference between their respective showings as to the menace of flying rocks to the safety of persons on the land, and also as to the actual use of the land, involving the actual presence of persons lawfully using it at the place of danger. The Quinn Case is therefore not serviceable as a precedent in determining the equity of the instant bill.

The bill does not show that any person has been actually struck by flying rock while on this land; but, when it shows the existence of the danger, due to actual and continuous, or regularly recurring, trespasses of the character complained of, and the actual putting of persons in reasonable fear while actually on the land, we think it makes a case of invasion of property rights, for which the law, in an action of trespass, would give no adequate compensation, because the injury done is without any pecuniary measure.

"Except in the special cases provided for by law, one person cannot take the property of another without his consent, or continually trespass on it and compel the owner to accept payment of money in satisfaction, especially where the threatened trespass will result in depriving complainant of the enjoyment of a property

right; and the fact that the injury done or threatened is of a nominal character, or is unsubstantial, or that the wrongful acts, when viewed separately, may not have materially impaired the use and enjoyment of the property affected, does not take away the jurisdiction of a court of equity to prevent the continuance of such wrongful act. The owner of the property will be protected in its enjoyment whether that enjoyment is one of sentiment or a pecuniary one." 32 Corpus Juris, 140, § 185.

In a case like this it is apparent, also, that the costs and expenses of repeated actions at law would probably exceed the amounts severally recovered, and the remedy at law would for that reason be inadequate. Walters v. McElroy, 151 Pa. 549, 25 A. 125; 32 Corp. Jur. 141, § 186.

[2] So far as the proof of the allegations of the bill is concerned, the evidence fairly supports the affirmative finding of the trial court, and that finding must be accorded the effect of a verdict by jury.

It is to be noted that expert witnesses for respondents testified that their blasting operations, properly conducted, need not, and would not, result in casting rock upon complainants' land "in such quantities and sizes as to endanger" persons or stock thereon, and the mandate of the writ extends no further than this. So, as observed for a similar writ in Central I. & C. Co. v. Vandenheuk, 147 Ala. 546, 550, 41 So. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346, the respondent "cannot sustain any hurt or hindrance in the prosecution of its business by the decree of the chancellor, as the injunction does not restrain it from blasting, but simply from doing so in such a way as to molest the complainant." Obviously, there can be no question here of the balancing of convenience or injury as between the parties—a principle recognized in Clifton Iron Co. v. Dye, 87 Ala. 468, 6 So. 192, and in other later cases.

[3] It is true, as argued by counsel for respondent, that a trespass is an injury to the possession. But the effect of that principle in this case would be that the complaining owner, Mrs. Saks, could not have maintained an action at law for the trespasses here complained of. Garrett v. Sewell, 95 Ala. 456, 10 So. 226, s. c. 108 Ala. 521, 525, 18 So. 737. Yet, for the protection of the possession undisturbed for the benefit of his tenant, a landlord may maintain a bill for injunctive relief. Woodstock, etc., Corporation v. Quinn, 201 Ala. 681 (4), 79 So. 253.

[4] An additional ground for injunctive interference at the suit of Mrs. Saks may be found in a paragraph of respondents' answer, setting up a prescriptive right to cast rocks on this land in the course of its blasting operations, growing out of its alleged practice of doing so for 20 or 30 years. In such a case equity may interfere by injunction to prevent a continuous invasion from ripening into an easement. 32 Corpus Juris, 142, § 188.

[5] As to the dismissal of the former suit between these parties in May, 1924, even conceding that the trespasses complained of and the general issues of merit were the same, it is sufficient to say that the record does not show that the former cause was ever set down for hearing prior to its dismissal by agreement of counsel on both sides; and hence the decree of dismissal cannot be accorded the effect of a dismissal on the merits, under rule 28 of Chancery Practice (Code 1923, vol. 4, p. 916). Boon v. Riley, 171 Ala. 657, 54 So. 997.

We find no error in the decree of the circuit court in equity, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.