(126 So. 854)

**McDERMOTT et al. v. HALLIBURTON et al.**

8 Div. 155.

Supreme Court of Alabama.

March 13, 1930.

D. Isbell, of Guntersville, for appellants.

Ernest Parks, of Scottsboro, for appellees.

SAYRE, J.

This is an appeal from a decree, made on the petition of the mortgagee, appointing a receiver to take charge of a large tract of

land pending a decree on appellants' bill to redeem. On a former appeal this court ruled that a receivership had been erroneously ordered. McDermott v. Halliburton, 219 Ala. 659, 123 So. 207. Thereafter the petition was amended and a decree again rendered ordering the appointment of a receiver. This appeal followed.

■ There is no occasion to repeat what was said on the former appeal as to the circumstances in which a receivership will be ordered on the petition of the mortgagee. That decision and the opinion in support of it are approved in all respects. On that appeal two deficiencies in the case of the mortgagee as affecting her right to a receivership were noted, viz.: There was nothing to indicate inadequacy of the mortgage security; there was no allegation of the insolvency of the estate of the deceased mortgagor. On the last submission in the court below numerous affidavits were offered in evidence on the question whether the mortgaged property was then adequate security for the debt. Apart from the matter of usury in the payments. heretofore made on the mortgage debt, and which on this submission has been pretermitted for the reason that there is no satisfactory proof on that subject, it appears to the court here that appellee has ample security for her debt. Large payments are shown, but they have in much the larger part been applied on the interest due upon the debt. The debt now, apart from any question of usury, is something less than $30,000. The land was accepted on the date of the mortgage as security for a debt of $34,000. The only evidence we have on the subject of its present condition is that it has been well cared for since the date of the mortgage. Affidavits offered by appellees go to show that in the opinion of affiants the land is now worth $28,000 to $30,000, whereas the affidavits of landowners in the neighborhood of the land in question go to show that it is worth $50,000 or more. Emphasis is laid upon the fact that this land was returned for taxation at $20,000. Holding the owners to strictest accountability in the matter of tax returns, in which the statute authorizes a valuation of 60 per cent., this would indicate a value of $4,000 or $5,000 in excess of appellee's debt at the present time. Such being the case, we find no sufficient reason for depriving the owners of the property in advance of an exact and final estimate of the debt, which in their bill they offer to pay, thereby subjecting them to the additional expense of a receivership.

■■ We consider the question here presented as one to be determined upon the record. There is no charge of fraud nor any likelihood that the property to which appellee may have recourse for the satisfaction of her debt will be destroyed or its value impaired, thus sufficiently differentiating the case here presented from Henry v. Ide, 209 Ala. 367, 96 So. 698, and the cases there considered in which for the most part the court had in mind the insolvency of corporations or fraud in the management of their affairs. The opinion in that case imports full recognition of the principle that a receiver should not be appointed at any stage of a cause if any other remedy will afford adequate protection to the party applying therefor. We are clear to the proposition that, to borrow the language of Judge Freeman quoted in Henry v. Ide, supra, the record presents no case of fraud or spoliation nor imminent danger of loss of the property to justify a decree taking it out of the possession of the owners (subject to the mortgagee). There is a discretion, it will not be denied, in the court of first instance, but, to quote the language of Briarfield Iron Works Co. v. Foster, 54 Ala. 634, a receiver should be appointed only "to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction." Micou v. Moses, 72 Ala. 441. No necessity or purpose of that character would be served by the appointment of a receiver in this case, and that fact is made sufficiently to appear by the record as it now appears. Nor can the rule of East v. Saks, 214 Ala. 58, 106 So. 185, viz., that the finding of the court must be accorded the effect of a verdict by jury, be allowed to operate in this case, if at all, for in that case the evidence was taken viva voce before the court. Here the evidence on which the petition for a receiver was heard went to the court in the shape of affidavits, as it should have, of which the probative effect may as well be adjudged here as in the court below.

The decree appointing a receiver will be reversed, vacated, and annulled, and the cause returned to the court below for further proceedings in agreement with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.