195 So. 441

**THRASHER v. BEAR.**

**3 Div. 314.**

Supreme Court of Alabama.

April 11, 1940.

Thomas & Thomas, of Montgomery, for appellant.

Carl W. Bear, of Montgomery, for appellee.

THOMAS, Justice.

The appeal from the decree of the circuit court challenges the construction of written instruments for the platting and conveyance of urban lands.

■ The evidence is written and there is no presumption of the correctness, of the decree of the lower court, and the same will be so considered. McDermott v. Halliburton, 220 Ala. 553, 126 So. 854; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752.

■ It has been decided by this court that if there are violations of the restrictions contained in an urban plat that the right thereunder may be protected and enjoined against such violation. Scheuer v. Britt, 218 Ala. 270, 118 So. 658; Id., 217 Ala. 196, 115 So. 237.

■ The respective rights of the parties in such premises to enforce building restrictions against another grantee is based on the fact that such scheme constitutes a part of the consideration. Vol. 4, Thompson on Real Property, §§ 3399, 3441; 18 C.J. p. 397, § 463.

An examination of this pleading, the plats exhibited and the designated and agreed facts show that the question for determination is the construction to be placed on the language of the written instrument of date of July 20, 1939, in which the grantor, John A. Sellers, limited and qualified certain of his rights and those of his personal representatives as to the waiving, releasing or annulling of the restrictions contained in the original plat, and particularly in Section (d) thereof, pertaining to the kind and character of residences to be erected on lands within the plat.

■ It is admitted that in the interpretation of reservations and restrictions in conveyances and plats that they are to be construed freely within the intent to be given expression thereon. This is necessary to avoid undue hindrance to the free use of the land and real property, and that the intent of the parties in interest may prevail. Virgin v. Garrett, 233 Ala. 34, 169 So. 711; McKee v. Club-View Heights, 230 Ala. 652, 162 So. 671. In the foregoing decisions the rules that govern in the premises have been fully stated and need not be repeated here.

■ It is well to observe that in the former instrument by Mr. Sellers of date of May 23, 1939, he expressly reserved all of his rights and those of his personal representatives to waive, release or annul the restrictions contained in the plat and conveyance, except the restriction contained in Section (a).

In the latter instrument of July 20, 1939 the grantor was specifically dealing with

restriction (d), which applied to minimum cost of buildings to be erected on said lots.

The decree of the circuit court in equity is in exact accord with the rights and expressed intention of the grantor in dealing with the real properties in question and is without error.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.