159 So.2d 924 (1964)
James L. JOHNSON and Florence M. Johnson, his wife, Appellants,
v.
THREE BAYS PROPERTIES #2, INC., a Florida corporation, Appellee.
Monroe A. MILLER and Margaret K. Miller, his wife, Appellants,
v.
THREE BAYS PROPERTIES #3, INC., a Florida corporation, Appellee.
Nos. 63-242, 63-356.
District Court of Appeal of Florida. Third District.
January 21, 1964.
Rehearing Denied February 18, 1964.
Alice Wainright, Coconut Grove, Milton M. Ferrell and J.M. Flowers, Miami, for appellants.
Mershon, Sawyer, Johnston, Simmons & Dunwody, and W.O. Mehrtens and James E. Glass, Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
These are consolidated appeals by plaintiffs below from the circuit court's dismissal of appellant, Johnson's, complaint and the granting of defendant's motion for summary final decree against appellant, Miller.
*925 Appellants are the grantees of two parcels of land, located in Gables Estates, Miami, Florida, from appellee. The property was conveyed subject to a declaration of protective covenants recorded in the official records book 1896 at page 262 of the Public Records of Dade County, which provided in relevant part:
"7. MINIMUM SIZE OF RESIDENCE
"The floor areas of any residence erected in this Subdivision shall not be less than 3,000 square feet, exclusive of garages, unglazed porches, unroofed screened patios, loggias or similar space, and exclusive of any accessory buildings.
* * * * * *
"16. ADDITIONAL RESTRICTIONS
"The subdivider may include in any contract or deed hereafter made any additional restrictive covenants. The subdivider may, in its sole discretion, modify, amend or add to the protective covenants applicable to Gables Estates Number 3 Subdivision, provided, however, that any such additional restrictive covenants or modifications or amendments thereto shall not affect the lien of any mortgage then encumbering any of the properties within the said subdivision nor shall affect the rights and powers of any such mortgagees.
* * * * * *
"19. RESTRICTIONS UNIFORM
"The foregoing restrictions shall be applicable to all lots in said subdivision."
Subsequent to appellants' conveyance and erection of homes in conformity with paragraph 7 of the protective covenants, appellee exercised its prerogative pursuant to paragraph 16 and recorded an amendment to the declaration of protective covenants, which provided, in pertinent part:
"The floor areas of any other residence erected in this Subdivision shall not be less than 3,045 [feet] square feet. Garage attached to and made a part of the main building or structure, and screen porches shall be figured as one-half (1/2) of the square foot area contained therein.
"The method of determining the square foot area shall be to multiply the outside horizontal dimensions of the building or structure.
"3. Bays Properties #3, Inc., hereby waives the right to reduce the size of the floor area of any residence erected in Gables Estates Number 3 Subdivision below the area hereinabove provided for."
Appellants' suits sought to enjoin appellee from deviating from the original declaration of protective covenants, and to have the amendment to declaration of protective covenants declared null and void.
Appellants did not question appellee's right to amend the declaration of protective covenants, without the consent of the appellants.[1]
The grantees contend, however, that the right to amend limited appellee to the right to adopt new covenants that were more restrictive but not less restrictive. It is undisputed that the amendment is less restrictive.
This court is in full accord with the circuit judge's opinion that, "Words and phrases used in contracts should be given *926 the ordinary and commonly understood and accepted meaning."
The word modify is commonly understood to mean alteration or change. Thus alteration or change is not restrictive, it may be characterized, in a quantitative sense, as either an increase or decrease.[2] As applied to the present situation, appellee would be entitled to adopt covenants that were either more or less restricted, and we affirm the lower court's ruling in this regard.
Appellants' argument that mortgagees of the subdivision could destroy the new restriction by foreclosure, lends no support to their position. It must be assumed that property which is already mortgaged has been built in conformity to the old restriction. The old restriction being more stringent necessarily resulted in a larger house of greater value. Therefore, a present mortgagee has more protection than a future mortgagee. The future mortgagee will suffer no injury because he will be lending money with notice of the new restriction, and will be bound to act accordingly.
To adopt appellant's interpretation of paragraph 19 of the declaration of protective covenants requiring uniform restrictions, would be to read paragraph 16 of the declaration of protective covenants out of the agreement.
Appellants contend that paragraph 19 requires that all restrictions apply uniformly to all property in the subdivision whether developed or not. The import of this view would permanently freeze all building restrictions. If appellee had adopted new building requirements pursuant to paragraph 16 that were more restrictive, requiring larger homes, paragraph 19 would similarly make this void because the present homes would be too small. Thus, paragraph 16 could never be used to modify existing restrictions, and appellee would be denied the rights it expressly reserved to itself by contract and deed. See note 1, supra.
Appellants are entitled to protection against an unreasonable diminution of the building requirements of the subdivision, and this has been accomplished by appellee's waiver of all future right to further amend the building requirements downward.
In view of the foregoing the orders appealed are affirmed.
Affirmed.
NOTES
[1] It is well recognized that where a grantor reserves the right to alter, modify or change restrictive covenants, he may do so without the consent of the grantee. 14 Am.Jur., Covenants, Conditions and Restrictions, § 292; 26 C.J.S. Deeds § 168. See also Matthews v. Kernewood, Inc., (1945), 184 Md. 297, 40 A.2d 522; Bright v. Forest Hill Park Development Co., (1943), 133 N.J. Eq. 170, 31 A.2d 190; Thrasher v. Bear, (1940), 239 Ala. 438, 195 So. 441.
[2] Black, Law Dictionary (4th Ed. 1951) at p. 1155; "Modify. To alter; to change in incidental or subordinate features; enlarge, extend, limit, reduce." State ex rel. Stortroen v. Lincoln, 133 Minn. 178, 158 N.W. 50, 52; United States v. Felder, D.C.N.Y., 13 F.2d 527, 528.