303 So.2d 665 (1974)
FLAMINGO RANCH ESTATES, INC., Appellant,
v.
SUNSHINE RANCHES HOMEOWNERS, INC., Etc., et al., Appellees.
No. 73-533.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
Joel Miller of Miller & Squire, P.A., Fort Lauderdale, for appellant.
Bryson K. Lovejoy of Law Offices of George L. Moxon, Fort Lauderdale, for appellees.
OWEN, Chief Judge.
The trial court declared null and void that portion of certain restrictive covenants which had reserved to the appellant, a land developer, the right to amend the restrictions at any time in its sole discretion.
Appellant is the successor to the original developer. No issue is raised on this appeal concerning appellant's right to exercise the rights reserved to the original developer, the only issue being the validity of (1) the clause reserving to the owner the right to alter, amend, repeal or modify the restrictions at any time in its sole discretion, and (2) a particular amendment to the restrictions which had been made pursuant to such reserved right.
Appellant's predecessor, seeking to develop a tract of land, had placed of record certain Declaration of Restrictions regulating and restricting the use of and improvements upon the individual lots to be sold in the development in order to insure "the development of the lands as a residential area of high standards". Sales of the individual lots were promoted and procured in reliance upon this feature. Appellees include certain of the lot owners and a non-profit Florida corporation whose members are composed of persons residing in and owning homes upon the property affected by such Declaration of Restrictions. Each of these individual lot owners was on notice of the restrictions, including the one which reserved to the developer the right to alter, amend, repeal or modify the restrictions *666 at any time in its sole discretion. On several occasions in the past the Declaration of Restrictions had been altered or amended. No objections had been made by anyone to the prior amendments, but none appeared to be inconsistent with the general scheme or plan of development of the property as a residential area.
When appellant sought to amend the restrictions so as to permit a portion of the property to be used for both business and residential purposes, this suit was filed, initially seeking an injunction but ultimately being amended to one seeking declaratory judgment. The trial court held void this latest amendment, and also voided the clause which reserved to the grantor the right to alter, amend, repeal or modify the restrictions at any time in its sole discretion.
In the case of Johnson v. Three Bays Properties #2, Inc., Fla.App. 1964, 159 So.2d 924, at 925, 4 A.L.R.3d 565, the court, though not squarely faced with the issue, stated in a footnote:
"1. It is well recognized that where a grantor reserves the right to alter, modify or change restrictive covenants, he may do so without the consent of the grantee. 14 Am.Jur., Covenants, Conditions and Restrictions, § 292; 26 C.J.S. Deeds § 168. See also Matthews v. Kernewood, Inc., (1945), 184 Md. 297, 40 A.2d 522; Bright v. Forest Hill Park Development Co., (1943), 133 N.J. Eq. 170, 31 A.2d 190; Thrasher v. Bear, (1940), 239 Ala. 438, 195 So. 441."
In the cited case, the court also stated in its opinion, however, a recognized limitation on this right in the following language:
"Appellants are entitled to protection against an unreasonable diminution of the building requirements of the subdivision... ." (e.s.)
As stated in 7 Thompson, Real Property, Section 3171, at 188:
"A court of equity will not enforce restrictions where there are circumstances that render their enforcement inequitable... ."
In a sense, there is an inherent inconsistency between an elaborate set of restrictive covenants designed to provide for a general scheme or plan of development (generally considered to be for the benefit of the respective grantees), and a clause therein whereby the grantor reserves to itself the power at any time in its sole discretion to change or even arbitrarily abandon any such general scheme or plan of development (a power which is solely for the benefit of the grantor). When such occurs, as it has in this case, rules of construction require that clauses which are apparently inconsistent with or repugnant to each other be given such an interpretation and construction as will reconcile them, if possible. 7 Fla.Jur., Contracts, Section 91.
In the instant case, this can be done by reading into the reservation clause a requirement of reasonableness, much as suggested by the court in Johnson v. Three Bays Property, supra. We hold, therefore, that the clause in the Declaration of Restrictions, which reserves to the owner "the right to alter, amend, repeal or modify these restrictions at any time in its sole discretion" is a valid clause so long as it is exercised in a reasonable manner as not to destroy the general scheme or plan of development.
The judgment is reversed, and upon remand the trial court shall apply this test to the amendment which the judgment declared void, with discretion to take additional testimony on the issue should it appear to the court either necessary or desirable to do so.
Reversed and remanded, with directions.
CROSS, J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.