316 So.2d 574 (1975)
BAY ISLAND TOWERS, INC., Appellant,
v.
BAY ISLAND-SIESTA ASSOCIATION, a Florida Corporation, et al., Appellees.
No. 74-300.
District Court of Appeal of Florida, Second District.
August 15, 1975.
Rehearing Denied September 5, 1975.
*575 Charles J. Cheves, Jr., Cheves & Hazen, Venice, for appellant.
John Patterson and Michael J. Furen, Icard, Merrill, Cullis, Timm & Furen, Sarasota, for appellees.
PER CURIAM.
Appellant wishes to build a high-rise apartment on its property described as Lots 1, 2, 3 and 4 in a subdivision known as Bay Island Shores, Unit # 1. Accordingly, appellant filed a suit for declaratory judgment in the lower court to declare invalid and unenforceable a modification of subdivision restrictions by a majority of the lot owners in the subdivision with the consent of the developer's widow. A final judgment was entered finding the modification of the declaration of restrictions to be valid and enforceable. Appellant appeals this final judgment.
The facts in the record show that in March 1952 a plat was recorded subdividing the property into 37 lots. In April 1952 the developers, Mr. and Mrs. Tribolet, recorded a declaration of restrictions. The pertinent portions of these restrictions as applied to this case are as follows:
"1. No lot or land in said subdivision, or any part thereof, shall be used for any other than residential purposes and that with the exceptions of Lots 1, 2, 3 and 4, only one single one-family dwelling house shall be built on any one Lot.
* * * * * *
"7. No lot in this subdivision shall be used for business or commercial purposes. However, apartment buildings shall be allowed to be erected on Lots 1, 2, 3 and 4.
* * * * * *
"14. The foregoing restrictions, conditions, covenants and reservations may be modified, amended or entirely rescinded by and with the consent of the grantors, their heirs, assigns or representatives and a majority of the owners of lots in said subdivision."
In January 1973, the modification of the existing restrictions was executed in accordance with paragraph 14 quoted above. The original restrictions, as can be seen from paragraphs 1 and 7 quoted above, restricted all lots with the exception of Lots 1, 2, 3 and 4 to one single one-family dwelling houses. Also, all lots were prohibited to be used for business or commercial purposes with a proviso that apartment buildings would be allowed to be erected on Lots 1, 2, 3 and 4. The modification of these restrictions, which is the subject of this appeal, provided that no lot or land in the subdivision shall be used for any other than residential purposes and only one single one-family dwelling house shall be built on any one lot. The modification further provided that no lot in the subdivision shall be used for business or commercial purposes. The effect of the modification was to do away with the exemptions as to Lots 1, 2, 3 and 4 which were contained in the original restrictions. Numerous and sundry things took place between 1952 and 1973, which are not necessary to set forth herein in order to dispose of this appeal.
A modification of restrictions according to the provisions of the declaration is valid if it is not unreasonable with respect to the general scheme of the development. Thus, in Flamingo Ranch Est., Inc. v. Sunshine Ranches H., Inc., Fla.App. 4th, 1974, 303 So.2d 665, the court stated:
"... We hold, therefore, that the clause in the Declaration of Restrictions, which reserves to the owner `the right to *576 alter, amend, repeal or modify these restrictions at any time in its sole discretion' is a valid clause so long as it is exercised in a reasonable manner as not to destroy the general scheme or plan of development."
See also Johnson v. Three Bays Properties # 2, Inc., Fla.App.3d, 1964, 159 So.2d 924.
The record is sufficient to support the reasonableness of this modification, particularly when it is evident that only garden apartments rather than high-rise structures were contemplated by the developer for these lots in the first place. There is also competent substantial evidence to support the rejection of appellant's contention of estoppel as well as its other claims.
Affirmed.
HOBSON, Acting C.J., and BOARDMAN and GRIMES, JJ., concur.