389 So.2d 697 (1980)
LOCH HAVEN HOMEOWNERS' ASSOCIATION, INC., Etc. et al., Appellants,
v.
Robert B. NELLE and Vicki Nelle, Appellees.
No. 79-2212.
District Court of Appeal of Florida, Second District.
October 29, 1980.
*698 Paul C. Zempel of Zempel & Denbo, Tarpon Springs, for appellants.
William H. Walker, St. Petersburg, for appellees.
DANAHY, Judge.
We are asked to decide whether the reservation by subdivision developers of the right to approve exceptions or variations with respect to restrictions placed by them on a residential subdivision renders those restrictions unenforceable by the subdivision lot owners inter sese. The trial judge in this case ruled that such a reserved power precludes enforceability by the developers' grantees and entered a final judgment on the pleadings against subdivision lot owners who sought an injunction against an alleged violation of the restrictions by other lot owners. We disagree with the trial judge, and reverse.
The restrictions at issue here were placed on Loch Haven subdivision by a duly recorded instrument signed by the developers and entitled "Loch Haven-Restrictions." They are comprehensive and detailed, ranging from minimum floor area to type of construction, from set-back requirements to placement of garbage containers, from size and finishing of garages to outdoor clothes drying limitations. Among others, the restrictions contain the following general provisions:
g. These covenants and restrictions are real covenants and restrictions and are to run with the land, and shall be binding on all parties and owners, and on all parties claiming under them... .
h. If any person, firm or corporation, or their heirs, successors or assigns, shall violate or attempt to violate any of the restrictions before their expiration, it shall be lawful for any other person or persons owning any part or parcel of any above described land to prosecute and proceeding [sic] at law or in equity against the person violating or attempting to violate any such covenant or restriction and to either prevent him or them from doing [sic] or to recover damages or other dues for such violation.
.....
k. The Developer shall have the right and authority to approve exceptions or variations from these restrictions without notice or liability to the owners of other lots or any persons or authority whatsoever.
Our supreme court has adopted the general rule that restrictions as to use which are placed upon land by a common grantor for the benefit of all of the grantees of such common grantor, and which are part of a general scheme of development and improvement, are enforceable in equity by any remote grantee from the common grantor against any other grantee. Vetzel v. Brown, 86 So.2d 138 (Fla. 1956). The essential ingredient of enforceability is the finding of the existence of a building scheme, which depends on the intent of the common grantor. 5 R. Powell, The Law of Real Property, ¶ 679 (1979). Courts initially viewed the reservation of a power to amend restrictions as negating the existence of a general scheme or plan of development and, accordingly, held that restrictions subject to such a reserved power are not enforceable by one remote grantee against another. E.g., Curronor Woods Property Owner's Ass'n v. Driscoll, 106 Ohio App. 95, 153 N.E.2d 681 (1957). Two of our sister courts have adopted that view. Finchum v. Vogel, 194 So.2d 49 (Fla. 4th DCA 1966); Ortega Company v. Justiss, 175 So.2d 554 (Fla. 1st DCA 1965). But cf. Flamingo Ranch Estates, Inc. v. Sunshine Ranches Homeowners, Inc., 303 So.2d 665 (Fla. 4th DCA 1974) (reserved power to amend elaborate restrictions is valid so long as it is exercised in a reasonable manner so as not to destroy the general scheme or plan of development).
The more modern judicial attitude-and the one we adopt-is that the reservation of the right to amend restrictions is only one factor to be considered in determining whether the grantor intended to establish a *699 uniform plan of development, and that all language of the restrictions should be considered in arriving at the grantor's intention. E. Sevier City Utility Dist. v. Wachovia Bank, 570 S.W.2d 850 (Tenn. 1978); Hall v. Gulledge, 274 Ala. 105, 145 So.2d 794 (1962); Kreppel v. Tucker, 225 N.Y.S.2d 708 (Sup. 1962); Goldberg v. Paul, 14 Misc.2d 988, 178 N.Y.S.2d 349 (Sup. 1958); Reichman, Residential Private Governments: An Introductory Survey, 43 U.Chi.L.Rev. 253, 292 (1976); Annot., 51 A.L.R.3d 556, 646 (1973).
Reviewing the restrictions involved in the case before us, we find that an intent on the part of the Loch Haven subdivision developers to establish a general plan or scheme of development is clearly reflected in the provisions that the restrictions are to be considered covenants running with the land and that any subdivision lot owner shall have the right to bring a proceeding against any person who violates any of the restrictions. Accordingly, we hold that the restrictions are enforceable by the subdivision owners among themselves notwithstanding the reserved power of the developers to approve exceptions or variations. We express no opinion as to the merits of this suit, only the opinion that appellants are entitled to remain in court at this stage of the litigation.
REVERSED AND REMANDED.
HOBSON, Acting C.J., and RYDER, J., concur.