GRIMES, Judge.
The only point in this appeal which gave us any concern was whether a landowner in a subdivision can enforce deed restrictions against another landowner in the same sub *188 division when the restrictions contain a provision allowing the original grantor “to amend, alter or change” them. However, we believe that this court’s recent opinion in Loch Haven Homeowners’ Association v. Nelle, 389 So.2d 697, (Fla. 2d DCA, 1980), controls our decision.
In Loch Haven, the lower court had held that because the developer of a subdivision had reserved the right to amend the restrictions, this negated the existence of a common plan of development so as to preclude enforcement by one remote grantee against another. In reversing that judgment, this court held that “the reservation of the right to amend restrictions is only one factor to be considered in determining whether the grantor intended to establish a uniform plan of development, and that all language of the restrictions should be considered in arriving at the grantor’s intention.” Id. at 698-99.
It is true that the retained right to amend the restrictions in the case at hand contains broader language than the one in Loch Haven. However, a reading of the restrictions as a whole leads us to conclude that the court below did not err in concluding that the grantor intended the restrictions to be part of a uniform plan of development. The restrictions are applicable to the entire subdivision. Their comprehensive nature obviously reflects the desire to see that the subdivision remain a high class residential and commercial area. The restrictions also contain a provision that they “shall run with the land,” and the original grantor retains no right of reverter in the event of a violation of the restrictions. In any event, despite the broad language of the reservation provision, the developer could only amend the restrictions in a reasonable manner consistent with the general scheme or plan of development. Bay Island Towers, Inc. v. Bay Island-Siesta Association, 316 So.2d 574 (Fla. 2d DCA 1975); Flamingo Ranch Estates, Inc. v. Sunshine Ranches Homeowners, Inc., 303 So.2d 665 (Fla. 4th DCA 1974).
We affirm the judgment which enjoins a violation of the restrictions.
SCHEB, C. J., and CAMPBELL, J., concur.