413 So.2d 28 (1982)
Robert B. NELLE, et al., Petitioners,
v.
LOCH HAVEN HOMEOWNERS' ASSOCIATION, INC., et al., Respondents.
No. 59919.
Supreme Court of Florida.
April 8, 1982.
William H. Walker, St. Petersburg, for petitioners.
Paul C. Zempel, Clearwater, for respondents.
ADKINS, Justice.
The second district acknowledges that two of its sister courts have taken an approach different from the one adopted by the second district in Nelle v. Loch Haven Homeowners' Association, 389 So.2d 697 (Fla. 2d DCA 1980). See Finchum v. Vogel, 194 So.2d 49 (Fla. 4th DCA 1966), and Ortega Co. v. Justiss, 175 So.2d 554 (Fla. 1st DCA 1965). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Property owners in Loch Haven Subdivision acquired their respective lots subject to duly recorded deed restrictions. These restrictions are comprehensive and detailed. Nelle v. Loch Haven Homeowners' Association, 389 So.2d at 698. Three of these restrictions are particularly pertinent to the resolution of the legal issue here in question.
g. These covenants and restrictions are real covenants and restrictions and are to run with the land, and shall be binding on all parties and owners, and on all parties claiming under them... .

*29 h. If any person, firm or corporation, or their heirs, successors or assigns, shall violate or attempt to violate any of the restrictions before their expiration, it shall be lawful for any other person or persons owning any part or parcel of any above described land to prosecute and proceeding [sic] at law or in equity against the person violating or attempting to violate any such covenant or restriction and to either prevent him or them from doing [sic] or to recover damages or other dues for such violation.
... .
k. The Developer shall have the right and authority to approve exceptions or variations from these restrictions without notice or liability to the owners of other lots or any persons or authority whatsoever.
These covenants present the question of whether the developer's reservation of the right to approve exceptions to the restrictive covenants prevents enforcement of the remaining covenants by a remote grantee.
Ordinarily, restrictive covenants are unenforceable by one not a party to the conveyance unless the covenants were made by a common grantor for the benefit of all grantees. Osius v. Barton, 109 Fla. 556, 147 So. 862 (1933). One method of demonstrating this beneficial intent of the grantor is through a common, uniform, or scheme of restriction imposed on the property transferred out of the common grantor. Id. 147 So. at 866. Thus, a remote grantee may enforce restrictive covenants against another remote grantee when a common grantor intended to create a uniform building plan or scheme of restrictions. Batman v. Creighton, 101 So.2d 587 (Fla. 2d DCA 1958).
In the past, reservation of the right to modify subdivision restrictions negated the existence of a common, uniform building plan thereby preventing enforcement of the restriction by a remote grantee. Finchum v. Vogel. See also Carranor Woods Property Owners' Association v. Driscoll, 106 Ohio App. 95, 153 N.E.2d 681 (1957). We disaagree with this rule and affirm the modern view adopted by the second district.
Traditionally, reservation of the right to modify restrictions, without some limit, allowed the grantor to entirely change the character of the subdivision at the grantor's whim with no corresponding benefit to the grantee. Thus, there was no assurance that the subdivision would remain subject to the restrictions which supplied the mutual benefit or consideration necessary to allow enforcement. More recently, however, courts have begun to require that the reserved power be exercised in a reasonable manner so as not to destroy the general plan. Flamingo Ranch Estates, Inc. v. Sunshine Ranches Homeowner's, Inc., 303 So.2d 665 (Fla. 4th DCA 1974); Johnson v. Three Bays Properties # 2, Inc., 159 So.2d 924 (Fla. 3d DCA 1964). Reading this reasonableness requirement into the reservation of power to modify undercuts the grantor's unfettered control and provides the mutual burden and benefit to both grantor and grantees necessary to sustain the covenants. The subdivision will substantially retain the character and restrictions contemplated by the grantor and each grantee at the conveyance.
There may be times, however, when the grantor reserves too much power or other factors support a finding that a common building plan was not intended. Because this intent is critical we cannot subscribe to the "all or nothing" rule previously held. We, therefore, hold that a reservation by the developer of the power to approve exceptions to the restrictive covenants is merely one factor to be considered in determining whether the developer intended to establish a uniform plan of development.
We find that the restrictions in the instant case show an intent on the part of the developer to establish a uniform plan of development. They are comprehensive and detailed. Moreover, the language of covenant g. expresses an intent that the covenants are to run with the land and be binding on and enforceable by all parties and owners. Plaintiffs are entitled to continue their suit for permanent injunction.
*30 In light of the foregoing, the decision of the Second District Court of Appeal is approved.
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents.