MILLS, Judge.
Barefield petitions for a writ of common law certiorari to review an appellate decision by the Circuit Court. We grant the petition and reverse the Circuit Court’s af-firmance of the County Court.
The Marts, residents of the Lafayette Oaks subdivision, began construction of a horse pen at their residence near the Bare-field residence. The plans were submitted to the Lafayette Oaks Homes Association’s Architectural Control Committee. The committee rejected the plans twice, finding them violative of the covenants controlling the subdivision. Construction continued. The Association did not take any action to prevent the construction although clearly authorized and funded to do so.
Barefield then brought an action which resulted in an order requiring the pen to be torn down.
Barefield next brought suit against the Association seeking damages. He alleged that the covenants, articles, and bylaws of the Association imposed a contractual duty on it to enforce the covenants. Its breaching this duty forced Barefield to enforce the covenants himself. His damages would be the expenses of litigation, i.e., costs and attorney’s fees.
The County Court dismissed the claim ruling that there was no duty imposed on *970 the Association and that there was no right of attorney’s fees in the original action. The Circuit Court, as an appellate court, affirmed without an opinion. .
To dismiss, the trial court must have interpreted the contract, as evidenced by the covenants, articles, and bylaws, as unambiguously not imposing a duty on the Association to enforce its covenants. Virtually identical covenants have been interpreted as imposing a requirement of reasonableness on a homeowners’ association in its decision to waive subdivision restrictions. Nelle v. Loch Haven, 413 So.2d 28 (Fla.1982). At the very least, Barefield has alleged unreasonable behavior by the Association. There is no reason not to enforce the Association’s duty of reasonableness by contract. Furthermore, the contract does not seem to us to clearly impose no duty on the Association. Barefield should have been allowed to produce evidence as to the interpretation of the contract.
The County Court erred in dismissing the Barefield’s complaint and the Circuit Court erred in affirming this dismissal. In so erring, the Circuit Court has denied the Barefields their opportunity to prove their case. This denial of their day in court is a departure from the essential requirements of law. Compare State v. Live Oak, Perry & Gulf B.R., 70 Fla. 564, 70 So. 550 (1915).
The petition is granted, the order of the Circuit Court is quashed, and the cause is remanded with instructions to remand to the County Court for proceedings consistent with this opinion.
WIGGINTON, J., concurs.
ERVIN, J., dissents with opinion.