779 So.2d 598 (2001)
CUDJOE GARDENS PROPERTY OWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, Appellant,
v.
Roy H. PAYNE, Jr. and Elizabeth Burger-Payne, Appellees.
No. 3D00-2349.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Rehearing Denied March 28, 2001.
Morgan & Hendrick and Warren D. Tochterman (Key West), for appellant.
Francis H. Muldoon, Jr. and Charles M. Milligan (Key West), for appellees.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
In Cudjoe Gardens Property Owners Ass'n v. Payne, 770 So.2d 190 (Fla. 3d DCA 2000), this court reversed the dismissal, for alleged lack of standing, of an action by Cudjoe Gardens Property Owners Association, Inc. to enjoin construction in violation of the community's Declaration of Deed Restrictions. After remand, the trial judge again entered judgment against the association, this time on the ground[1] that the deed restrictions, as previously amended by a majority vote of the property owners as provided in the original, recorded Declaration, see Bay Island Towers, Inc. v. Bay Island-Siesta Ass'n, 316 So.2d 574 (Fla. 2d DCA 1975), were void because the written ballots of the property owners did not comply with the two-witness requirement of Florida's version of the Statute of Deeds, section 689.01, Florida Statutes (2000).
The association again appeals and we again reverse. It is clear that the deed restrictions of this type[2] are simply equitable *599 rights arising out of the contractual relationship between and among the property owners and emphatically do not constitute interests in real estate to which section 689.01 solely applies. See Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla.1969); Bay Island Towers, Inc. v. Bay Island-Siesta Ass'n, 316 So.2d 574 (Fla. 2d DCA 1975); Op. Att'y Gen. 071-206 (1971)("A restriction resulting from a restrictive covenant is a creature of equity arising out of contract and does not give rise to an interest in real estate.").
Accordingly, the judgment under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
NOTES
[1] While the order is silent as to its legal basis, no other even plausible reason appears in the record or has been asserted on appeal.
[2] The appellees seem to claim that the rights of the association to enter upon a homeowner's property for enforcement purposes, which, in this case, were also explicitly contained in the original restrictions, are properly viewed separately from the restrictions themselves and qualify as "easements" to which section 689.01 may apply. While the issue is not involved in this case in which the appellant seeks only a court order to enforce the restrictions, we observe that the law appears to be contrary of this contention. See City of Miami v. St. Joe Paper Co., 364 So.2d 439, 445 (Fla.1978), appeal dismissed, 441 U.S. 939, 99 S.Ct. 2153, 60 L.Ed.2d 1040 (1979); Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925).