(92 South. 263)
**TIERCE v. KNOX.  (6 Div. 552.)**

(Supreme Court of Alabama.  Jan. 12, 1922.)

**1. Appeal and error ⬅105, 870(5)—On appeal from dismissal of bill for want of prosecution, error in sustaining demurrer reviewable.**

Where demurrer to a bill to enforce a lien on real estate in J. county imposed by the registration under Code 1907, § 4156 et seq., of a judgment, in C. county, obtained in T. county, was sustained for want of equity, and the bill later dismissed for want of prosecution, an appeal lies, and on that appeal error may be assigned on the court's action in previously sustaining the demurrer under section 2838.

**2. Judgment ⬅801—Lien, resulting from registration of judgment, enforceable in equity.**

In view of Code 1907, § 4829, providing that the statutory method for enforcing liens resulting from the registration of judgments is cumulative and enforceable in equity, sustaining a demurrer to a bill for the enforcement of a judgment obtained in another county for want of equity was error.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Mennon Tierce, as administrator, against H. A. Knox, to enforce upon real estate the lien of a recorded judgment. From a decree sustaining demurrers to the bill and dismissing it, complainant appeals. Reversed and remanded.

R. H. Wright, of Tuscaloosa, for appellant.

The bill contained equity, and the court erred in sustaining the demurrer and dismissing it. Sections 4156, 4157, and 4829, Code 1907; 202 Ala. 325, 80 South. 407; 178

Ala. 332, 59 South. 643; 204 Ala. 373, 85 South. 710; 93 Ala. 245, 9 South. 719; 96 Ala. 277, 7 South. 483, 17 L. R. A. 474; 168 Ala. 283, 53 South. 182.

Frank S. Andrews, of Birmingham, for appellee.

The brief of counsel did not reach the Reporter.

McCLELLAN, J. The appellant filed this bill in the circuit court of Jefferson county, equity side, to enforce a lien on appellee's real estate, situated in Jefferson county, imposed, it is averred, by the registration in that county of a judgment obtained by appellant's intestate in the circuit court of Tuscaloosa county against the appellee. Code, § 4156 et seq. The demurrer's sole ground denied the equity of the bill. The court sustained the demurrer, allowed time for the amendment of the bill if complainant so desired, and subsequently, there being no amendment, dismissed the bill for want of prosecution.

[1] An appeal lies from such order or decree of dismissal; and on that appeal error may be assigned of the action of the court in previously sustaining the demurrer. Code, § 2838; Nelms v. McGraw, 93 Ala. 245, 9 South. 719; Wynn v. Tallapoosa Bank, 168 Ala. 469, 483, 53 South. 228.

[2] The statutory method for enforcing liens resulting from the registration of judgments is cumulative, not exclusive; and such a lien may be enforced by bill in equity. Code, § 4829; Gurley v. Robertson, 178 Ala. 326, 332, 59 South. 643, and cases there cited. The bill possesses equity.

The court erred in sustaining the demurrer denying the equity of the bill. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.