(117 So. 193)

BLANKS v. ATKINS et al. (5 Div. 997.)

Supreme Court of Alabama. May 24, 1928.

I. Equity ⚖⟹241—Bill is construed most strongly against complainant on demurrer.

On demurrer, a bill in equity is construed most strongly against the complainant.

2. Trusts ⚖⟹77—Resulting trust may arise from transactions after deal is closed, where beneficiary's money was applied on price after purchase.

The rule that a resulting trust in lands must arise at time of conveyance, and cannot arise from transaction after deal is closed and status of title fixed, does not apply, where one suing to establish trust was joint purchaser in

first instance, and incurred obligation to pay, and her money was thereafter applied in payment of price, though money went to pay parties advancing money to vendor, in consideration that plaintiff's notes, pledged at or before date of executing deed, stand as security.

**3. Trusts ⬅72—Resulting trust is creature of equity, founded on principle that beneficial ownership is in one furnishing consideration.**

A resulting trust is the creature of equity, founded on the principle that the beneficial ownership is in him who furnishes the consideration.

**4. Trusts ⬅72—Averment and proof that property was paid for by one and title taken in another is ordinarily sufficient to establish resulting trust.**

In absence of special circumstances indicating gift, as where husband causes title to be made to wife or parent to child, averment and proof that property was paid for by one and title taken in another, and money paid or its equivalent so invested at time of purchase, or pursuant to obligation to do so, is sufficient to establish resulting trust as between beneficial and legal owners.

**5. Trusts ⬅371(2)—Bill to establish resulting trust in mortgaged lands should show why mortgage is subordinate to complainant's equity.**

If suit to establish resulting trust in lands involves mortgage of third party, whose rights have intervened, the bill should show why the mortgage is subordinate to complainant's equity.

**6. Trusts ⬅371(2)—That mortgage is subordinate to equity of beneficial owner is generally sufficiently shown by averments that mortgagee had knowledge or notice of equity at time of acquiring interest.**

That mortgage is subordinate to equity of one suing to establish resulting trust in lands is generally sufficiently shown by averments that mortgagee had knowledge or notice of complainant's equity at time of acquiring interest.

**7. Trusts ⬅371(2)—Bill to establish resulting trust in mortgaged lands should contain averments acquitting complainant of surrender of equity, if showing facts implying that complainant participated in transaction when mortgage was taken.**

While matter of agreement or estoppel, relied on by mortgagee as against beneficial owner of mortgaged lands, is defensive, latter's bill to establish resulting trust should contain sufficient averments to acquit complainant of surrender of her equity, if showing state of facts implying, when construed most strongly against pleader, that complainant was participant in transaction when mortgage was taken.

**8. Trusts ⬅371(2)—Bill to establish resulting trust in mortgaged lands, purchased by complainant and mortgagor jointly, held demurrable, as not showing that complainant did not know and consent to giving of mortgage.**

Bill to establish resulting trust in mortgaged lands, alleged to have been jointly purchased by complainant and mortgagor, who were averred to have placed notes, payable to them jointly, with mortgagees as security for money advanced to pay purchase price, *held* bad on demurrer, as not showing that complainant did not know and consent to giving of mortgage, nor any reason why she was not bound thereby.

**9. Trusts ⬅206(7)—Mortgage would be binding on beneficial owner, participating in transaction, or knowing of and consenting to giving of mortgage, in absence of fraud or other vitiating cause.**

If complainant, in suit to establish resulting trust in mortgaged lands, participated in transaction with mortgagee, or knew of and consented to giving of mortgage, latter would be binding on her as though title had been made to her, and mortgagor and she had joined in mortgage, in absence of fraud or other vitiating cause.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Bill to establish a resulting trust in lands by Brady Steen Blanks against J. M. Atkins and another. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

Hooton & Moon, of Roanoke, for appellant.

Counsel argue that the bill is sufficient as against demurrer, and cite Heflin v. Heflin, 208 Ala. 69, 93 So. 719.

R. E. Jones, of Heflin, for appellees.

To establish a resulting trust, facts out of which the trust originated must be alleged with distinctness and precision. Gilbreath v. Farrow, 147 Ala. 183, 41 So. 1000; Long v. King, 117 Ala. 423, 23 So. 534; Holt v. Johnson, 166 Ala. 358, 52 So. 323. There must be a payment of the purchase price by complainant before or at the time of the purchase. Guin v. Guin, 196 Ala. 221, 72 So. 74; Butts v. Cooper, 152 Ala. 375, 44 So. 616; Fowler v. Fowler, 205 Ala. 515, 88 So. 648; Bibb v. Hunter, 79 Ala. 351. It must be alleged and proved that complainant's money actually went into the lands and furnished an aliquot part of the purchase price. Watkins v. Carter, 164 Ala. 456, 51 So. 318. Complainant has the burden of alleging and proving notice of the trust to respondent. Bartlett v. Varner, 56 Ala. 580; Bank v. Birmingham Fert. Co., 143 Ala. 153, 39 So. 126. A payment of complainant's notes with complainant's money after the deed had been made would not give rise to a resulting trust. Coles v. Allen, 64 Ala. 98; 39 Cyc. 130.

BOULDIN, J. The bill is filed to establish a resulting trust in lands. The appeal is from a decree sustaining demurrer to the bill. The bill sufficiently alleges the following:

About March 10, 1920, Brady Steen Blanks, the complainant, and her brother, Lathing

Steen, jointly purchased 80 acres of land from the Marbury Lumber Company for $980, paying $80 cash, $40 each. They were let into possession, and partitioned the property, each taking possession of one 40. No conveyance was executed at the time. Whether there was any written evidence of the transaction does not appear. Complainant and her brother at the time held a series of six notes, aggregating $1,000, given by J. M. Woodard for purchase money of lands recently sold to him. The lands sold were jointly owned by sister and brother by inheritance, and the notes were payable to them jointly.

[1] It is averred the deferred payments due to the Marbury Lumber Company, aggregating $900, were to be paid as these annual payments of the Woodard notes were made; that the first Woodard note of $166.66, due November 1, 1920, was paid; that the Marbury Lumber Company surrendered the note as paid, and credited the proceeds on the debt due that company for the lands in suit. While there is no express averment that the Woodard notes had been delivered to the Marbury Lumber Company, this may be implied from the facts averred, in so far as it affects the equities of the case; this, under the rule that on demurrer the bill is construed most strongly against complainant.

It is further averred that at the instance of respondents, Atkins and Owens, complainant and her brother placed with them the Woodard notes as collateral or security for money to be advanced by them to pay the Marbury Lumber Company the purchase money due that company; that Atkins and Owens did advance such money, and a deed was executed, conveying the title to the lands to Lathing Steen, the brother, who thereupon mortgaged the lands to Atkins and Owens, which mortgage has been foreclosed. It is averred the Woodard notes have been fully paid, and that Atkins and Owens had knowledge at the time of taking their mortgage of complainant's interest in said lands.

[2] Appellees conceive that the demurrer was properly sustained upon the ground that the bill shows the money of complainant accruing on the Woodard notes was not paid on the lands until after the deed was executed by the Marbury Lumber Company, and was paid on a debt incurred to Atkins and Owens for money advanced to pay the vendor. As supporting this view, appellees cite the line of cases holding that a resulting trust must arise at the time of the conveyance, cannot arise from transactions after the deal is closed and the status of title fixed.

The argument misconceives the effect of this rule. It has no application where complainant was a joint purchaser in the first instance, and incurred the obligation to pay, and pursuant thereto her money is thereafter applied in payment of the purchase money. Bibb v. Hunter, 79 Ala. 351. This bill shows

her notes were pledged at or before the date the deed was executed. It can make no difference that, in financing the matter, her money went to repay Atkins and Owens, who had advanced the money to the vendor in consideration that her notes stand as security. So far as her equity is concerned, it would be the same as if she had sold the notes and paid the proceeds over on the purchase money. A more difficult question, arising on this bill as framed, is whether, taking all its averments, it shows a case of resulting trust in favor of complainant good against demurrer.

[3, 4] A resulting trust is the creature of equity, founded on the principle that the beneficial ownership is in him who furnishes the consideration. In the absence of special circumstances, as where a husband causes title to be made to his wife, or a parent to his child, indicative of a gift, it is sufficient to aver and prove that the property was paid for by one and the title taken in another, and that such money, or its equivalent, was so invested at the time of the purchase, or pursuant to an obligation so to do. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752.

[5, 6] This rule applies where the parties to the suit are the beneficial owner and the legal owner holding the title. If the rights of a third party, such as a mortgagee, have intervened, and the suit involves his mortgage, the bill should go further and show why the mortgage is subordinate to complainant's equity. This, as a rule, is sufficiently shown by averments that at the time the mortgage acquired an interest he had knowledge or notice of complainant's equity.

[7] If the mortgagee relies upon some matter of agreement or estoppel as against the beneficial owner, this is defensive. But if the bill goes further, and shows a state of facts which, construed most strongly against the pleader, carry an implication that the complainant was a participant in the transaction at the time the mortgage was taken, the bill should by sufficient averments acquit complainant of a surrender of her equity.

[8] The bill does not show the date of respondent's mortgage, nor its consideration, but does show that the mortgagor, complainant's brother, was indebted to them at the time. While not specific in several respects, the bill is entirely consistent with the view that complainant joined in the transaction to get money advanced to satisfy the Marbury Lumber Company, and placed the Woodard notes with respondents to secure such advance, that as part of the same transaction the money was advanced, the notes taken over from the Marbury Lumber Company, title made to the brother, and a mortgage made by him to respondents to secure his debt to them.

[9] The bill does not aver that the complainant did not participate in the entire transaction, nor that she did not know and

consent to the giving of the mortgage by her brother. If she did, in the absence of fraud or other vitiating cause, the mortgage would be binding on complainant as though title had been made to her and her brother and she had joined in the mortgage. In view of the averments of the bill, it should by amendment show complainant did not know and consent to the giving of the mortgage, or some reason why she was not bound thereby.

This was the view of the trial judge, and his decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.