10 So.2d 16

**AVERETT et al. v. AVERETT et al.**

3 Div. 373.

Supreme Court of Alabama.

Oct. 8, 1942.

358

Hamilton & Jones and B. E. Jones, all of Evergreen, and Jas. L. Murphy, of Andalusia, for appellants.

Edwin C. Page, Jr., of Evergreen, and Calvin Poole, of Greenville, for appellees.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity as amended. The bill seeks to cancel a deed of conveyance to real estate. Complainants' theory is that respondents hold title in trust for complainants, or that such conveyance is a cloud upon the title of complainants. All the parties claim through Calvin R. Averett, deceased. The facts averred are a bit complicated. Briefly, the pertinent facts seem to be:

In 1918, Calvin R. Averett owned this tract, 316 acres. His son-in-law, Emmett Stallworth, owned a separate tract, 120 acres. Stallworth borrowed from the Federal Land Bank $1,700. To better secure the loan a mortgage was executed on both tracts of land.

In November, 1919, Calvin R. Averett and wife, Amy, executed a warranty deed to the 316 acres, to their son, Thomas H. Averett, on a recited consideration of $3,-000 cash. Thomas was then residing in Pittsburgh, Pa. In March following he moved on to the lands and remained two years. His father died in 1922. Thomas then removed with his family to Detroit, Michigan, where he resided until his death in 1936, leaving a widow and minor children, who are complainants in this suit.

On leaving Alabama, his mother having no other home, he left the property in her keeping, with an understanding with Stallworth, the principal debtor, and his brothers and sisters that instalments on the land mortgage would be met, in consideration of providing a home for the mother, Amy Averett.

In March, 1928, Stallworth conceived the plan of selling the timber on both tracts of land to Mr. L. W. Price for a sum sufficient to pay the mortgage debt to the Land Bank. To consummate this purpose, the mortgage being in default, the mortgage was foreclosed. Mr. Price purchased the entire property for the amount of the mortgage debt, and paid the same off. Some question is raised as to the validity of the foreclosure deed, but, since the payment of the debt, under our statute, divested the title of the Land Bank, Code of 1940, Title 47, § 181, we deem it unimportant, in the present state of the case, to determine whether title passed to Price.

360

In consummation of the original scheme, Mr. Price conveyed to Stallworth his 120 acres, and conveyed to the widow and all the children and heirs of Calvin R. Averett the 316 acres, reserving the timber on the lands.

These children or their descendants, other than Thomas Averett, are the respondents. The end in view is to divest out of them all interest in the land and vest it in the widow and children of Thomas Averett, the owner of the equity of redemption at the time of foreclosure. The bill avers that respondents knew of and acquiesced in the plans pursued. The original bill was filed in 1939, some eleven years after these transactions.

Demurrers challenge the bill for want of equity, for lack of necessary parties, and because of laches and the statute of limitations.

Touching laches the bill avers, that neither Thomas H. Averett during his life, nor his wife and children, living all the while in Detroit, had any knowledge or notice that the understanding when they left Alabama was not being carried out, nor notice of any of the transactions complained of. On the contrary, the respondents continued to cause the lands to be assessed for taxes in the name of Thomas H. Averett, who paid them from year to year. After the death of the mother in 1930, rents were remitted to Thomas H. Averett from year to year during his life, and after his death to complainants, all as if in recognition of title in Thomas H. Averett, and in complainants after his death. The bill avers an intent to lull into a sense of security by these acts, to silence inquiry, &c; that no knowledge of any claim of respondents to an interest in these lands was had, until within a year from the filing of the bill, when complainants learned respondents were making sale of standing timber thereon.

■ ·These averments acquit complainants of laches based on the general doctrine of sleeping on one's rights.

■■ Treating the bill as one seeking relief upon the ground of fraud, these averments bring complainants within the one year limitation after discovery of the fraud. Code of 1940, Title 7, § 42. Parties so demeaning themselves as to keep those far from the scene of action in the dark cannot set up lack of diligence, such as nonexamination of records disclosing respondents' claim of title derived as here alleged.

Complainants' deed was on record all the while. Peters Mineral Land Co. v. Hooper et al., 208 Ala. 324, 329, 94 So. 606; Van Ingin v. Duffin, 158 Ala. 318, 319, 48 So. 507, 132 Am.St.Rep. 29; Lamar v. Rivers, 235 Ala. 130, 178 So. 16.

Appellants' major contention is that under the averments of the bill these respondents were under no duty to meet the payments on the mortgage; that the Land Bank and Mr. Price were acting throughout in entire good faith; that there was a valid foreclosure, leaving in Thomas H. Averett, owner of the equity of redemption, only a statutory right of redemption, which has long since expired; that respondents had no statutory right of redemption, and cannot be dealt with as redemptioners for the benefit of the owner of the equity of redemption; and, Mr. Price, having a good title, could pass a good title to respondents.

■ This contention overlooks controlling facts alleged. Equity looks at the entire picture, disregards form for substance, seeming for reality.

The bill discloses that Mr. Price never, at any time, contemplated acquiring title and ownership of the lands; that the foreclosure, and later transactions, were for the purpose of acquiring the timber, upon paying the mortgage debt, the title to the lands being conveyed back to the rightful owners, so far as he knew. If he did know, these respondents would be in no better position, having been out nothing. The net result of the whole procedure was to pass title from the rightful owner to persons paying no consideration therefor. Whether by mistake or design on the part of Mr. Price and these respondents, or either, is unimportant.

The money was paid by Mr. Price to clear all the lands from the mortgage, get title to the timber, the major portion of which was on this tract, the property of Thomas H. Averett, the owner of the equity of redemption.

■ Thus, without his consent, his property is so manipulated as to put title in others who paid no consideration. In the absence of fraud, a resulting trust arose and still subsists, unless barred by laches or limitation.

If fraud intervened by respondents' participation in the entire proceedings conceived by Mr. Stallworth, then a constructive trust obtains.

Touching absence of necessary parties, namely, Mr. Stallworth, Mr. Price, and the Land Bank, it is insisted that Mr. Stallworth is charged with fraud, and, for that reason, is a necessary party.

True, a scheme to save his own land, by disposition of timber, a part of the lands standing merely as security for his debt, cannot be said to be in good faith. But complainants could waive any claim against him or his property. Respondents, out nothing themselves, are in no position to deny complainants' right of election in this regard.

Where full and complete relief may be had between parties before the court, third persons who have had a hand in bringing about the equities involved, but against whom no relief is sought, are not necessary parties, if respondents are not prejudiced by their absence. Such is this case, if the averments of the amended bill are true. They are taken as true on demurrer. Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Harton v. Little, 176 Ala. 267, 57 So. 851; Bailey v. Jefferson, 186 Ala. 214, 64 So. 955.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.