52 So.2d 371

**AVERETT et al. v. AVERETT et al.**
3 Div. 537.

Supreme Court of Alabama.
March 29, 1951.

Rehearing Denied May 24, 1951.

Edwin C. Page, Jr., of Evergreen, for appellants.

B. E. Jones, of Evergreen, for appellees.

608

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Conecuh County, in equity, sustaining demurrer to a bill in equity.

The bill to which the demurrer was sustained was filed by appellants against appellees, seeking to annul and vacate a decree dismissing for want of prosecution a bill filed by appellants against appellees to cancel a deed of conveyance to real estate.

■ The nature of a bill of this character must be determined by its averments, its purpose and its substance, rather than the names given it by the parties. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33. The rule is stated in Jones v. Henderson et al., 228 Ala. 273, 153 So. 214, as follows: "The character of the bill is determined by its substantive averments and the relief sought. There is no reason why it may not at the same time be one to accomplish such relief as is not properly within the purview of a bill of review, and also to have that relief which may be granted only in a bill thus styled. When so, each aspect should be separately considered, if sought in the alternative in those aspects." 228 Ala. 277, 153 So. 218.

■ Bills of review have been the subject of frequent consideration of this court. Of them in a general way it will be enough to say at this time that the error to be reviewed must be error in substance, of prejudice to the party complainant, apparent on the face of the pleadings, proceedings, or decree. Snead v. Lee, 218 Ala. 44, 117 So. 469. Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law as to the rights of the parties. McCall v. McCurdy, 69 Ala. 65. We must indulge every reasonable presumption which the record does not effectively repel in favor of the correct ruling of the trial court. Goldsby v. Goldsby, 67 Ala. 560.

Appellants' original bill to cancel the deed was filed in the circuit court of Conecuh County, in equity, on October 27, 1939. Demurrer interposed thereto was sustained. Appellants' bill was amended and demurrer filed to the bill as amended was over-ruled. Respondents appealed to this court from the decree overruling demurrer to the bill as amended. On October 8, 1942, we affirmed the decree of the trial court overruling the demurrer to the bill as amended. Averett et al. v. Averett et al., 243 Ala. 357, 10 So.2d 16.

Thereafter, on November 19, 1942, the appellees filed their answer, which they made a cross bill. Appellants never answered the cross bill. On February 14, 1944, the trial court rendered the decree which is here sought to be vacated, dismissing appellants' amended bill. The decree of February 14, 1944, is as follows:

"This being the day for the regular call of the equity docket of this court and this cause being called, no one appeared for the complainants, and, it appearing to the court that an answer to the original bill, as amended, together with a cross bill, was filed in this cause on November 19, 1942, and that no answer has been filed to said cross bill, and no further proceedings has been had in said cause, and the solicitor for the adult respondents and the guardian ad . litem for the minor respondents having moved in open court that the original bill, as amended, be dismissed for want of prosecution, and it appearing to the court that said motion should be granted, it is therefore,

"ORDERED, ADJUDGED AND DECREED by the court that the original bill in this cause, as amended, be and the same hereby is, dismissed out of court for want of prosecution.

"Thereupon the solicitor for the adult respondents and the guardian ad litem for minor respondents moved in open court that their cross bill be dismissed without prejudice. It is, therefore,

"Ordered, adjudged and decreed by the court that the cross bill filed in this cause be, and it hereby is dismissed without prejudice.

"This the 14th day of February, 1944."

It is the contention of appellants that the decree of February 14, 1944, here sought to be vacated, shows error on its face in that it appears therefrom that it was rendered on the first day of the session of the court, in

violation of the provisions of § 6638, Code of 1923. Appellants rely upon Hall et al. v. Proctor et al., 239 Ala. 211, 194 So. 675, 676.

In Hall et al. v. Proctor et al., supra, it was said:·

"Appeal from decree dismissing bill in equity for want of prosecution. Such decree is reviewable on appeal. Tierce v. Knox, 207 Ala. 121, 92 So. 263; Stuckey v. Murphy, 224 Ala. 8, 138 So. 289.

"It appears that pursuant to Code, § 6637, the Circuit Judge had, by order entered on the minutes, designated the first Mondays in March, June, September, and December as the times for equity sessions of the court.

"However, a regular session was by special order set for April 3, 1939, and notice thereof duly given to counsel for parties in pending causes. This order was within the authority of the judge, and orders taken after such notice in accordance with other rules of practice were not erroneous because not at a session fixed by general order.

"But, on the first day of the session, on oral motion of respondents, reduced to writing at the time, and without further notice to complainants, or their counsel, the cause was then and there dismissed for want of prosecution.

"Applying the same rule which would have obtained if the session of the court had been held at a regular time fixed by order under § 6637, this was error.

"By Code, § 6638, the docket is not to be called peremptorily on the first day of the session, but for special orders and submissions by consent, or as therein specified.

"When the cause comes up on peremptory call, the same may be dismissed for want of prosecution on the court's own motion or on motion of a party.

"But notice of holding a regular session is not notice that causes will be called peremptorily on the first day of the session.

"Hence, the order of dismissal must stand, if at all, on the motion made by respondents, of which one day's notice in writing was required by Chancery Rule 97."

Section 6638, Code of 1923, read as follows: "On the first day of such equity sessions of the court, or as soon thereafter as practicable, the chancery or equity docket must be called, not peremptorily, but for orders which may be taken by consent, or for the submission of causes which stand on decrees pro confesso. The call of the docket thereafter may be peremptory, but the parties may, by agreement between themselves, and consent of the judge, set down causes for hearing on such day as they may select."

But the provisions of § 6638, Code 1923, were not carried forward into the Code of 1940, which was in effect at the time of the rendition of the decree here sought to be vacated. We can find no statutory provision in the Code of 1940 nor any equity rule which embodies the provisions of § 6638, Code 1923. True, the proceedings to vacate the deed were pending at the time the 1940 Code went into effect, but that fact does not make the provisions of § 6638, Code 1923, applicable. Nor does Equity Rule 120, Code 1940, Tit. 7 Appendix, have any application to statutory provisions not brought forward into the Code of 1940.

In so far as we are able to determine, the trial court was not prohibited by any statutory provision or equity rule from calling the equity docket peremptorily on February 14, 1944.

We hold, therefore, that the bill in the instant proceeding was insufficient as a bill of review.

A court of equity may, in a proper case, upon proper averment and proof, grant relief from a decree rendered in an equity court to the same extent, and upon the same grounds, that relief could be had from a judgment at law obtained by fraud, accident or mistake, unmixed with negligence on the part of the party complaining. Barrow v. Lindsay, 230 Ala. 45, 159 So. 232.

It appears from the averments of the bill that the leading counsel for appellants in the bill filed to vacate the deed lived in a county other than Conecuh, in which county the proceeding was instituted. This lawyer associated with him a member of the bar of Conecuh County. Service of the an-

swer and cross bill filed by the appellees was had upon the associate counsel. Approximately a year after service was had upon him, he entered the armed services and was in the service on February 14, 1944, when the decree dismissing appellants' bill to vacate the deed was rendered.

It is contended by appellants that since the associate counsel was in the service and the leading counsel lived in another county, the trial court mistakenly rendered the decree of February 14, 1944, in that the register of the circuit court of Conecuh County, in equity, did not notify the leading counsel of the day on which the case was set for trial. It is contended that such a notice was required by the provisions of § 249, Title 7, Code 1940, which in pertinent part reads as follows: "* * * In civil cases, the clerk of the court shall notify attorneys of record who reside outside of the county of the day their case or cases are set for trial, which notice may be given either by letter or by mailing a copy of the docket of the court." We think it manifest that the above-quoted provisions relate only to civil cases on the law side of the docket and have no application to equity cases. No case has been cited to us wherein such provisions have ever been applied in an equity case and our research has disclosed none.

In the absence of some such provision as is contained in § 249, Title 7, Code 1940, all parties litigant, once in court, either for themselves or through their attorneys must keep track of their case, know their status and ascertain for themselves when the same will be tried. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. In Faust v. Faust et al., 251 Ala. 60, 61, 36 So.2d 229, 231, it was said: "A litigant by his attorney must keep up with the progress of his case in court, and he is not due to have notice, except as prescribed by law." And in Wetzel v. Birmingham Electric Co., 250 Ala. 267, 268, 33 So.2d 882, we observed: "As the aggressive party in the case it was plaintiff's duty to follow his case in all of its steps until finally disposed of and no duty rested upon the court or its officers or the adverse party to advise plaintiff of the setting of the case for trial."

It is next insisted that the trial court mistakenly rendered the decree of February 14, 1944, in that one day's notice in writing of the intention to move to dismiss appellants' bill to vacate the deed for want of prosecution was not given, as required by old Equity Rule 97. It is contended that old Equity Rule 97 has application rather than new Equity Rule 94, Code 1940, Tit. 7 Appendix, by virtue of the provisions of present Equity Rule 120, Code 1940, Tit. 7 Appendix.

But even if we assume that old Equity Rule 97 did have application, we cannot agree that under the circumstances here prevailing one day's notice in writing was required. It is apparent from the decree itself that the motion was made in open court at a time when the trial court was not prohibited by statutory provision or rule of court from calling the docket peremptorily and dismissing the bill for want of prosecution. The case of Hall et al. v. Proctor et al., supra, does not hold to the contrary. The effect of the decision in that case was that since the dismissal came at a time when the court was not empowered to dismiss the bill, the court's action could only be justified by showing that notice was given in compliance with old Equity Rule 97. We did not intend to hold in that case that Equity Rule 97 required one day's notice of a motion to dismiss for want of prosecution when made in open court at a regular session of the court and at a time when the court was not prohibited by statute or otherwise from taking such action. Compare Caudle v. Cotton, Sheriff et al., 234 Ala. 126, 173 So. 847.

It is also alleged in the bill that the trial court mistakenly dismissed appellants' bill of complaint because of the fact that on March 19, 1943, one of complainants, Thomas Averett, was inducted into the armed forces of the United States, where he remained until his discharge on January 12, 1946. Reliance is had upon the provisions of Title 50, Appendix, § 521, U.S.C.A., which reads as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within

sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

We think it sufficient to say that, although Thomas Averett had been represented by counsel of his own choosing, since the proceeding was instituted in 1939, it is not made to appear from the averments of the bill here under consideration that either the attorney or Thomas Averett ever duly made any request of the trial court to stay the proceedings pending the return of Thomas Averett from the armed services.

We cannot hold that the averments of the bill show the rendition of the decree of February 14, 1944, dismissing appellants' amended bill to vacate the deed was obtained through surprise, accident or mistake such as to warrant a court of equity vacating that decree.

The bill being insufficient as a bill of review and as an original bill in the nature of a bill of review, the demurrer thereto was correctly sustained.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.