69 So.2d 278

AVERETT et al. v. POWELL et al.

3 Div. 644.

Supreme Court of Alabama.

Nov. 19, 1953.

Rehearing Denied Jan. 14, 1954.

Samuel H. Rubin and Aaron Fellman, Detroit, Mich., and Bernard Lobman and Hartwell Davis, Montgomery, for appellants.

Prestwood & Prestwood, Andalusia, and Robt. H. Jones, Evergreen, for appellees.

GOODWYN, Justice:

Ralph Powell and Leila A. Powell, complainants below, appellees here, filed a bill of complaint in the circuit court of Conecuh County, in equity, on August 31, 1951, praying that certain lands in said county be sold for division among the joint owners. The bill alleges that complainants and respondents (13 in number) are the joint owners and tenants in common of said land, which cannot be equitably divided among them in kind. On December 21, 1951, three of the respondents, Tom Averett, Jr., Lolaret Averett, and Leila Averett, filed a cross-bill praying that they be declared the owners in fee of said property to the exclusion of complainants and the other respondents. It is alleged in the cross-bill that the cross-complainants, appellants here, "caused to be filed in the Circuit Court of Conecuh County, Alabama, a complaint in Equity, reciting in substance the allegations contained in this cross-bill and seeking to be determined to be the owners of said property as hereinbefore alleged, free of any claims of some of the cross-respondents herein named, and who were respondents in said suit; that the Supreme Court of Alabama determined that the complaint of these cross-complainants, and as in this cross-complaint repeated in substance, was meritorious and that these cross-complainants were entitled to be heard thereon". The bill of complaint there referred to was filed in 1939, and the decision of this court there mentioned was rendered on October 8, 1942, in the case of Averett v. Averett, 243 Ala. 357, 10 So.2d 16. In that case the appeal was from a decree overruling a demurrer to the bill, which decree was here affirmed. Thereafter, on November 19, 1942, the respondents in that proceeding filed an answer which they made a cross-bill. No answer was made to the cross-bill. On February 14, 1944, the trial court rendered a decree dismissing, for want of prosecution, the 1939 original bill, as amended. In this connection, the bill now before us alleges that the trial court, "on motion made by the solicitor for the cross-respondents at the trial court, without giving these cross-complainants their day in court, dismissed their complaint with prejudice". It is then alleged that "a bill for review was filed in the Circuit Court of Conecuh County, In Equity, seeking relief from the decree dismissing these cross-complainants' original bill" and that "in the year 1951, the Supreme Court of the State of Alabama, affirming an order of the Circuit Court of Conecuh County, denied these cross-complainants' relief". The decision of this court, there referred to, was rendered on March 29, 1951, in the case of Averett v. Averett, 255 Ala. 606, 52 So.2d 371.

The complainants (appellees), as cross-respondents, demurred to the cross-bill filed on December 21, 1951. It is from the decree sustaining said demurrer that this appeal is taken. The question raised by the demurrer, and here argued, is whether "the matters and issues sought to be raised by the allegations of said cross-bill have heretofore been adjudicated * * * and are res judicata".

Simply stated, the situation is this: A, B and C file a bill for the purpose of having title to 316 acres of land vested in them. D, the respondent, demurs to the bill. The demurrer is overruled. D then files an answer and cross-bill. The trial court, on D's motion, dismisses the original bill for want of prosecution. The decree does not recite whether the dismissal is "on the merits" or "with" or "without" prejudice. A, B and C then file a bill seeking to vacate the decree of dismissal. D's demurrer going to the equity of the

bill is sustained. On appeal to the Supreme Court, the decree sustaining the demurrer is affirmed, thereby in effect, denying the relief sought. Query: Did the dismissal of the first bill of complaint, for want of prosecution, and denial by the circuit court and this court of the right to have said dismissal set aside, have the effect of definitely and finally settling and determining the matters and issues there presented? In other words, are appellants now barred from again setting up their claim to title, which claim is based on the same status as that embraced in the first bill? Our view is that both of these questions must be answered in the affirmative; and it follows that the trial court did not err in sustaining the demurrer to appellants' cross-bill.

It appears that the Powells, appellees, acquired their interest in the property after the decision of this court in Averett v. Averett, 255 Ala. 606, 52 So.2d 371, supra. Presumably—and it is so stated in their brief—appellees purchased their interest in the land in the belief that dismissal of the 1939 bill for want of prosecution and this court's decision, 255 Ala. 606, 52 So.2d 371, supra, sustaining, in effect, said dismissal, finally determined the issue of appellants' claim to title. In view of Equity Rule 75, Code 1940, Tit. 7, Appendix, p. 1105, there was, and is, adequate basis for such belief. This Rule, insofar as here pertinent, provides as follows:

> "When a plaintiff has a cause dismissed after an answer is filed or if the dismissal is for want of prosecution at a regular sitting of the cause, the dismissal is a dismissal on the merits as to defendants who have answered the bill, unless the court in the order of dismissal, saves the plaintiff from prejudice thereby."

As we have already noted, the dismissal decree does not specifically provide that the dismissal is "on the merits" or "with prejudice". But that is not required. In a situation such as we have here, Rule 75 operates to write into the decree that the dismissal is "on the merits". And when it is said that the dismissal is "on the merits", it means that the judgment or decree of dismissal operates as a bar to a subsequent suit on the same cause of action.

As we see it, the cross-bill shows on its face that it seeks a re-opening and re-adjudication of matters which have already been definitely and finally determined by a court of competent jurisdiction. The parties or their privies are the same in both proceedings, as are the subject-matter and the issues. Contrary to the insistence of appellants, we conclude that they have had their "day in Court"; and that the dismissal of the 1939 bill was, by virtue of Rule 75, supra, an adjudication on the merits thereby effectively barring them from proceeding further on the same cause of action. Bradley v. Ballentine, 246 Ala. 271, 20 So.2d 505; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Kelly v. Griffin, 165 Ala. 309, 51 So. 789; 50 C.J.S., Judgments, § 639, pp. 73, 74; 17 Am.Jur., Dismissal and Discontinuance, § 77, pp. 95, 96.

The decree appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.